RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE    7 / 27 / 11
        JVB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA   DIVISION

DONALD R. WILSON, SR.                    DOCKET NO. 11-CV-1532; SEC. P
A.K.A. DON R. WILSON

VERSUS                                   JUDGE JAMES T. TRIMBLE, JR.

UNITED STATES OF AMERICA                 MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se Petitioner Donald R. Wilson, Sr., filed a petition for writ of habeas corpus in the captioned matter pursuant to 28 U.S.C. §2241 on August 22, 2011.  Petitioner is an inmate in the custody of the Bureau of Prisons, and he is presently incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

This case was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Procedural History

Petitioner, along with other members of the Shreveport gang the "Bottom Boys", was charged by indictment with various federal offenses,   including   drug   conspiracy,   drug   distribution   and possession with intent to distribute, conspiracy to commit violent crimes in aid of racketeering, and firearms charges.  He was also charged with acts of violence in violation of 18 U.S.C. §1959(a). See U.S. v. Wilson, 116 F.3d 1066 (5th Cir. 1997).

Following   a   jury   trial,   Petitioner   was   convicted   of participating in a drug conspiracy in violation of 21 U.S.C. §846;

engaging in a continuing criminal enterprise in violation of 21 U.S.C. §848(a); various drug offenses; and racketeering, in violation of 18 U.S.C. §1959(a).

On direct appeal, Petitioner's conviction of Count 2, participation in a drug conspiracy under 21 U.S.C. §846, was vacated. U.S. v. Wilson, 116 F.3d 1066, 1087 (5th Cir. 1997). Petitioner's other convictions were affirmed.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 on August 2, 1999, claiming that his conviction for engaging in a continuing criminal enterprise under 21 U.S.C. §848(a) was constitutionally infirm and should be vacated. He maintained that he was denied effective assistance of counsel, that the jury instructions were inadequate, and that impermissible predicate acts were presented to the jury for consideration. [5:94-cr-50068 WDLA, Doc. #988] The district court determined that Petitioner's judgment of conviction became final when the Supreme Court denied his petition for a writ of certiorari on January 20, 1998, Wilson v. U.S., 118 S.Ct. 857 (1998). [5:94-cr-50068; Doc. #994] Since the motion to vacate was filed over one year later, and because Petitioner presented no facts to support equitable tolling, the court denied the motion as untimely. [5:04-cr-50068; Doc. #988]

Petitioner filed a motion to reconsider [5:04-cr-50068; Doc. #997], which was denied on September 9, 1999 [Id.; Doc. #1001]

Petitioner then filed a request with the Fifth Circuit Court of Appeals for a certificate of appealability.  The Fifth Circuit denied the request on June 15, 2000. [Id.; Doc. #1017] On November 13, 2000, the Supreme Court denied Petitioner's writ of certiorari. [Id.; Doc. #1027]

Thereafter, Petitioner filed a §2241 petition for writ of habaeas corpus in the court of conviction, seeking to have his convictions and sentences vacated and set aside because (1) the jury was not instructed that it must unanimously agree on which acts constituted the required series of violations regarding his conviction for engaging in a continuing criminal enterprise, and (2) his indictment failed to allege the quantity of drugs involved in his drug offenses. [5:01-cr-889; Doc. #2] The Fifth Circuit denied Petitioner authorization to file a successive 2255 motion because he did not show that his proposed claims involved either newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.  Therefore, the district court struck the petition from the record. [5:01-cv-889; Doc. #7]

In 2003, Petitioner again sought authorization from the Fifth Circuit to file a successive 2255 motion.  This time, he sought to challenge the conviction in light of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Richardson v. U.S., 526 U.S. 813 (1999).  The Fifth Circuit denied the request once again because Petitioner did not show that his proposed claims involved either newly discovered

evidence or a new rule of constitutional law made retroactive by the Supreme Court. [5:94-cr-50068; Doc. #1103]

In 2009, Petitioner contacted the court of conviction regarding a possible Section 3582 crack cocaine amendment sentence reduction. The judge appointed the federal public defender to represent Petitioner as to his request for a Section 3582 reduction. [5:94-cr-50068; Docs. #1167, 1169] In August 2011, the public defender was allowed to withdraw as counsel after notifying the court of her determination that there were no non-frivolous issues to advance on Petitioner's behalf. Petitioner was granted thirty additional days to submit any evidence or argument pro se regarding his eligibility for relief under 18 U.S.C. §3582(c)(2). [5:94-cr-50068; Doc. #1220] To date, Petitioner has not filed any such evidence or argument in the Southern District of Texas.

## Law and Analysis

A section 2241 petition may utilized by a prisoner to raise a procedural challenge against the manner in which his sentence is being executed. See Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001)(citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). In contrast, a Section 2255 motion may be utilized in a prisoner's attempt to vacate, set aside, or correct a sentence based on errors that occurred at or

prior to sentencing.   See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).   The claims that are cognizable under section 2255 include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law..., or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable."   28 U.S.C. § 2255(b).   Section 2255 motion is the primary means of collateral attack on a federal sentence.   If a petitioner files a section 2241 petition that seeks to challenge the validity of a federal sentence or conviction, the petition must be either dismissed or construed as a section 2255 motion by the court.   See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).   Petitioner is challenging the constitutionality of his conviction and resulting sentence.   Therefore, his 2241 petition should be construed as a section 2255 motion or dismissed.

It appears that Petitioner seeks to invoke the "savings clause" of 28 U.S.C. §2255(e), which would allow him to file suit under section 2241.   The savings clause is a limited exception to the rule that a section 2241 petition may not be used to challenge the validity of a federal sentence and conviction.   A prisoner may rely on section 2241 if the remedy available under section 2255 would be "inadequate or ineffective to test the legality of his detention."   Pack, 218 F.3d at 452.   The burden of proving that the section 2255 remedy is inadequate or ineffective rests on the

petitioner.  McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has previously identified the limited circumstances under which the savings clause of section 2255 applies.  To fall under 2255(e), Petitioner must claim actual innocence and retroactivity.  See Frees v. Maye, Slip Copy, 2011 WL 4349322 (5th Cir. 2011)(unpublished)(citing Reyes-Requena, 243 F.3d at 904).  That is, Petitioner must show that his claim is one "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised."  Id.

Petitioner claims that a recent case decided by the Supreme Court renders his conviction and sentence invalid.  See DePierre v. U.S., 131 S.Ct. 2225 (2011),  He claims that DePierre provides that "circumstantial evidence of a substance may not include evidence of a dry conspiracy to support a conviction for violation of the of the [sic] drug statute." [Doc. #1, p.4] This language is found nowhere in the DePierre opinion.[1]  Moreover, DePierre is not a retroactively applicable Supreme Court decision that establishes

---

[1] The DePierre case actually held that the term "cocaine base"  as used in 21 U.S.C. §841 includes more than just "crack cocaine".  It includes all forms of "base" cocaine, including crack, free base, or any other "base" form of cocaine.  That is, for purposes of Section 841, "cocaine base" means cocaine in its chemically basic form.  DePierre does not discuss circumstantial evidence.  Furthermore, the law clearly supports the use of circumstantial evidence to support drug or conspiracy convictions. See U.S. v. Templeton, 624 F.3d 215(5th Cir. 2010)(citing U.S. v. Baggett, 890 F.2d 1095 (10th Cir. 1989)); U.S. v. Dolan, 544 F.2d 1219 (4th Cir. 1976).

that Petitioner may have been convicted of a nonexistent offense.

## Conclusion

For the foregoing reasons, it is recommended that Petitioner's Petition for Writ of Habeas Corpus under section 2241 be **DENIED** and **DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this day of September, 2011.

JAMES D. KIRK
U. S. MAGISTRATE JUDGE